# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

VICKY KELLOGG,                               )
                                             )
               Plaintiff,             )
                                             )     **CIVIL ACTION**
v.                                           )
                                             )     **No. 14-1286-JWL**
CAROLYN W. COLVIN,                           )
Acting Commissioner of Social Security,      )
                                             )
               Defendant.             )
_____ )

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding unresolved conflict between the Administrative Law Judge's (ALJ) findings both that Plaintiff "was prescribed a walker" (R. 18) and that Plaintiff "has not presented evidence of an inability to ambulate effectively" (R. 19), the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's decision and REMANDING this case for further proceedings consistent with this opinion.

## I.    Background

Plaintiff applied for DIB and SSI benefits, alleging disability beginning January 1, 2005.  (R. 14, 95-96).  Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits.  Plaintiff argues that the ALJ erred in finding that Plaintiff did not present evidence of an inability to ambulate effectively, and consequently did not meet Listing 1.02.  (Pl. Brief 10).

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not

2

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ found that Plaintiff "was prescribed a walker" (R. 18) and that Plaintiff "has not presented evidence of an inability to ambulate effectively" (R. 19), but the ALJ did not resolve the conflict inherent in the fact that "inability to walk without the use of a walker" is one example given in the regulations of an "inability to ambulate effectively."  20 C.F.R., Pt. 404, Subpt P, App. 1 § 1.00(B)(2)(b)(2).

## II.  Discussion

Applying step two of the sequential evaluation process, the ALJ determined that Plaintiff has severe impairments consisting of lumbar spine disease, obesity, and valgus deformity of the right knee.  (R. 16).  She also acknowledged that Plaintiff reported right hip pain, but she found that was not a medically determinable impairment in the circumstances of this case.  (R. 18).  She explained this is so despite Plaintiff's use of a walker, because although "[t]he claimant was prescribed a walker, . . . considering the lack of clinical or radiographic findings of [hip] impairment, it is likely the claimant utilizes the device because of symptoms from her other determinable impairments of severe lumbar spine disease, obesity and right knee osteoarthritis."  (R. 18).

4

Thereafter, at step three the ALJ recognized that Plaintiff's valgus deformity of the right knee might potentially meet or equal the severity of Listing 1.02A--Major dysfunction of a joint--and explained how she had considered that Listing.

> The claimant's right knee impairment does not meet the severity level of listing 1.02.  To meet listing 1.02, a claimant must show major joint dysfunction characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s) with either (A) Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively.  Because the claimant has not presented evidence of an inability to ambulate effectively or perform fine and gross movements effectively, the claimant does not meet or equal listing 1.02 (Exhibit(s) 1 and 3F).

(R. 19).

The decision reveals the ALJ determined both that Plaintiff was prescribed a walker (likely because of her right knee impairment and obesity) and that Plaintiff's right knee impairment did not meet or equal Listing 1.02 because she did not meet the criterion of "an inability to ambulate effectively."  But, the regulations provide that "the inability to walk without the use of a walker" is one example of "ineffective ambulation."  20 C.F.R., Pt. 404, Subpt. P, App. 1 § 1.00(B)(2)(b)(2).  Prescribed use of a walker implies the inability to walk without it, and constitutes evidence of an inability to ambulate effectively.  The ALJ's two findings--that Plaintiff "was prescribed a walker," and that Plaintiff "has not presented evidence of an inability to ambulate effectively"--cannot both be true, at least not without further explanation.  Explanation the ALJ did not provide.

5

The Commissioner attempts to salvage the ALJ's decision by arguing that in order to meet a listing, Plaintiff must establish that her condition meets all of the criteria of that Listing, and she argues that neither Plaintiff nor the record evidence demonstrates "a 'gross anatomical deformity' shown by 'appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis.'" (Comm'r Br. 4) (quoting Listing 1.02A). The Commissioner is correct that Plaintiff "has the burden at step three of demonstrating, through medical evidence, that h[er] impairments 'meet <u>all</u> of the specified medical criteria' contained in a particular listing." <u>Riddle v. Halter</u>, No. 00-7043, 2001 WL 282344 at *1 (10th Cir. Mar. 22, 2001) (quoting <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990) (emphasis in <u>Zebley</u>)). "An impairment that manifests only some of [the listing] criteria, no matter how severely, does not qualify" to meet or equal the listing. <u>Zebley</u>, 493 U.S. at 530.

However in this case, although the ALJ stated the criteria of Listing 1.02A, she made only a determination regarding a single criterion--that Plaintiff "has not presented evidence of an inability to ambulate effectively." (R. 19). As discussed above, that determination is erroneous. Were the court to decide in the first instance that the other criteria of the Listing are not met, and affirm the Commissioner's decision on that basis, it would be an improper weighing of the evidence by this court and would constitute a post-hoc justification of the Commissioner's decision--a justification the court is not free to make. <u>Grogan v. Barnhart</u>, 399 F.3d 1257, 1263 (10th Cir. 2005). Remand is necessary for the Commissioner to make that determination in the first instance.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's decision and REMANDING this case for further proceedings consistent with this opinion.

Dated this 1st day of July 2015, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**