IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **VICKY KELLOGG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | No. 14-1286-JWL |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's "Application for Attorney Fees Pursuant to the Equal Access to Justice Act" (EAJA) (28 U.S.C. § 2412) (Doc. 17) (hereinafter EAJA Mot.).

As a preliminary matter, the court notes that the record reveals Plaintiff's counsel did not follow the requirements of Local Rule 54.2 regarding "Award of Statutory Attorney's Fees." D. Kan. Rule 54.2. That rule requires the party who makes a motion for statutory attorney's fees to "promptly initiate consultation with the other party." Id. 54.2(a). If the parties do not reach agreement regarding fees, the moving party is required to file a statement to that effect, and a memorandum providing the factual basis for the fee award criteria. Id. 54.2(c). "The statement of consultation must set forth the date of

consultation, the names of those who participated, and the specific results achieved." Id. 54.2(d). The Rule contemplates that the statement of consultation and the memorandum providing the factual basis for the fee award criteria will be provided in Plaintiff's memorandum in support of her fee request. Therefore, as an exception to Rule 7.1(a) it provides that the memorandum in support of the fee request "need not be filed at the same time as the motion" for attorney fees, id. 54.2(e), and that the statement of consultation and memorandum providing the factual basis for the fee award criteria need be filed only "within 30 days of filing the motion." Id. 54.2(c). Plaintiff has not filed a statement of consultation informing the court whether consultation occurred, the date of consultation, names of the participants, or the specific results achieved, perhaps because counsel filed no memorandum in support of her motion, but included all of the information and argument she considered relevant to the motion as a part of the motion itself. (EAJA Mot.). In any case, Plaintiff's counsel did not comply with the local rule. In the future, counsel will be expected to do so, and to inform the court accordingly.

## I.     Background

Plaintiff sought review of the Acting Commissioner of the Social Security Administration's (hereinafter Commissioner) decision denying disability insurance benefits and supplemental security income benefits. (Doc. 1). The Commissioner answered and filed the transcript of record with the court. (Doc. 9). After briefing was complete, the court found that remand was necessary because the ALJ made contradictory findings (that Plaintiff was prescribed a walker, and that her condition does not meet or

equal Listing 1.02 because she had not presented evidence of an inability to ambulate effectively) and did not resolve that conflict. (Doc. 15, p.5). Plaintiff now seeks payment of attorney fees pursuant to the EAJA. (EAJA Mot.).

Plaintiff's counsel, Ms. Kathleen E. Overton, has established by attachments to her motion and statements in her reply that: (1) she represents plaintiff in this matter, (2) that compensation of $185.00 per hour is justified by increases in the cost of living, and (3) that she expended twenty-six and eight-tenths hours in representing plaintiff including; (a) twenty-two and five-hundredths hours in case preparation before this court, and (b) four and seventy-five hundredths additional hours in preparation and defense of the EAJA fee application.

## II.    Legal Standard

The court has a duty to evaluate the reasonableness of every fee request. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). The EAJA,[1] 28 U.S.C. § 2412(d)(1)(A), requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th

---

[1]In relevant part, the EAJA states:

(d)(1)(A) . . . a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. . . .

28 U.S.C. § 2412.

Cir. 1991)).  The test for substantial justification is one of reasonableness in law and fact.  Id.  The Commissioner bears the burden to show substantial justification for her position.  Id.; Estate of Smith, 930 F.2d at 1501.  The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living.  Harris v. R.R. Ret. Bd. 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii).

The party seeking attorney fees bears the burden of proving that her request is reasonable and must "submit evidence supporting the hours worked."  Hensley, 461 U.S. at 433, 434.

## III.   Discussion

### A.   Arguments

In opposing an award of attorney fees, the Commissioner argues that the position taken by the government, both in proceedings before the Commissioner, and before this court was "substantially justified."  This is so, she argues because even though the court found a conflict in the Administrative Law Judge's (ALJ) findings (both that Plaintiff was prescribed a walker, and that her condition does not meet or equal Listing 1.02 because she had not presented evidence of an inability to ambulate effectively), the record evidence demonstrates conclusively that Plaintiff's condition cannot meet all of the criteria of Listing 1.02 as a matter of law.  She argues that the record evidence precludes a finding that Plaintiff has a "gross anatomical deformity" shown by "appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis" (hereinafter "gross anatomical deformity"), which is one of the criteria of Listing 1.02, and thus the

government's position before this court and before the Commissioner (that Plaintiff's condition does not meet or equal Listing 1.02) is substantially justified.

In her Reply Brief, Plaintiff points out that the only criteria of Listing 1.02 relied upon by the ALJ in finding that Plaintiff's condition does not meet or medically equal the Listing was a finding that Plaintiff had not presented evidence of an inability to ambulate effectively, which finding the court determined was contradicted by the ALJ's additional finding that Plaintiff was prescribed a walker.  She asserts that the Commissioner's argument that the evidence demonstrates that Plaintiff has not shown evidence of a gross anatomical deformity is merely a post-hoc justification which the court may not consider, and precludes a finding that the Commissioner's position was substantially justified.

### **B.** **Analysis**

The court finds that the Commissioner's position was not substantially justified. The ALJ found that one of Plaintiff's severe impairments is "right knee valgus deformity."  (R. 16).  The Commissioner does not explain why that finding is not evidence of a gross anatomical deformity.  The ALJ found it was a "deformity," and the court certainly cannot weigh the evidence and determine whether it is a "gross anatomical" deformity within the meaning of the Social Security Act in the first instance. Moreover, as Plaintiff points out, the ALJ explained the criteria of Listing 1.02, including the requirement of a gross anatomical deformity, but he found only that Plaintiff "does not meet or equal Listing 1.02," "[b]ecause the claimant has not presented evidence of an inability to ambulate effectively."  (R. 19).  In its decision on the merits, the court noted

that "at step three the ALJ recognized that Plaintiff's valgus deformity of the right knee might potentially meet or equal Listing 1.02--Major dysfunction of a joint--and explained how she had considered that Listing."  (Doc. 15, p.5).  There is simply no suggestion in the ALJ's decision that Plaintiff does not have a "gross anatomical deformity."

Moreover, were the court to agree with the Commissioner that record evidence precludes finding Plaintiff's condition meets the criteria of Listing 1.02, it would still find that her position is not "substantially justified."  In her step three analysis, the ALJ specifically found that Plaintiff "does not have an impairment or combination of impairments that meets <u>or medically equals</u> the severity of one of the listed impairments." (R. 18) (bolding omitted) (emphasis added).  As noted above, the ALJ found that Plaintiff was prescribed a walker, and that finding could be construed as evidence of an inability to ambulate effectively.  Therefore, even if it were determined that record evidence precludes finding Plaintiff meets the criteria of Listing 1.02, Plaintiff might be found to <u>medically equal</u> the criteria of that Listing if she is found to have an inability to ambulate effectively.  Therefore, the Commissioner's argument that record evidence precludes finding Plaintiff's condition meets the Listing is not reasonable in law, because her condition might be found to <u>medically equal</u> the Listing.

The court finds that the Commissioner's position is not substantially justified, and that attorney fees should, therefore, be awarded to Plaintiff in the amount of $4,958.00.

**IT IS THEREFORE ORDERED** that plaintiff's motion for attorney fees (Doc. 17) is GRANTED, and that fees shall be awarded to Plaintiff in care of her attorney in the sum of $4,958.00.

Dated this 2nd  day of November 2015, at Kansas City, Kansas.


                                            s:/   John W. Lungstrum
                                            **John W. Lungstrum**
                                            **United States District Judge**